UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TAYLOR HUEMOELLER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 5:23-CV-03016-RAL<br><br>ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER |

Petitioner, Taylor Huemoeller, filed a pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Doc. 1. Huemoeller pled guilty to conspiracy to distribute a controlled substance. Doc. 62 in 21-30086-RAL. Harrison was represented by attorney John R. Murphy.

On July 21, 2023, the United States filed a Motion for Order Directing Former Defense Counsel to Respond to Claims of Ineffective Assistance and Motion for Extension of Time to Answer. Doc. 5. The United States Court of Appeals for the Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's conduct and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); see also Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). American Bar Association Model Rule of Professional

Conduct 1.6 also recognizes that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The ABA has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and 2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).

In consideration of the allegations set forth in Huemoeller's 28 U.S.C. § 2255 motion, this Court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without Mr. Murphy responding by affidavit to the specific allegations in the motion concerning his representation of Huemoeller. This Court has further determined that if Huemoeller opposes the waiver of the attorney-client privilege as it relates to the specific allegations in her § 2255 motion, those allegations will be stricken from her § 2255 motion. Accordingly, it is hereby

ORDERED that the Clerk of Court will send this Order and the attached Attorney-Client Privilege Waiver form to Huemoeller. It is further

ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Huemoeller's § 2255 motion. It is further

ORDERED that the United States shall have an extension to answer Huemoeller's motion under 28 U.S.C. § 2255 until thirty (30) days after attorney Murphy furnishes an affidavit. It is finally

ORDERED that Huemoeller will have thirty (30) days to reply after the United States' answer.

DATED this 24th day of July, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE