UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TAYLOR HUEMOELLER, a/k/a Taylor Klein,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:23-CV-03016-RAL<br><br>OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS AND DENYING PETITIONER'S § 2255 MOTION |

Taylor Huemoeller, a/k/a Taylor Klein ("Klein")[1] filed a motion under 28 U.S.C. § 2255 in this case to vacate, set aside or correct her criminal conviction for conspiracy to distribute a controlled substance. Doc. 1. Klein claims that she received ineffective assistance from her court-appointed attorney John Murphy ("Murphy"). Doc. 1. The United States has moved to dismiss, Doc. 16, and despite an order directing her to respond, Doc. 18, Klein has not done so. For the reasons set forth below, this Court denies Klein's § 2255 petition and grants the Government's motion to dismiss.

**I. Facts and Procedural Default**

On April 11, 2022, Klein pleaded guilty before Magistrate Judge Mark A. Moreno to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] At her sentencing hearing, the defendant expressed the preference to go by her married surname. This opinion and order, then, refers to Klein's husband by his full name John Klein.

1

841(b)(1)(B) and 846, CR Doc. 40,[2] consistent with her written plea agreement, CR Doc. 34. Judge Moreno issued a report and recommendation on the guilty plea, CR Doc. 41, to which Klein did not object. The undersigned sentenced Klein to the mandatory minimum 120-month sentence on August 15, 2022, entering judgment that same day. CR Docs. 61, 62. Klein did not appeal, so her conviction became final when her appeal time expired on August 29, 2022.

In her § 2255 motion filed on July 14, 2023, Klein seeks relief from alleged ineffective assistance of counsel. Doc. 1. Klein's § 2255 petition was timely filed within one year of her conviction becoming final and lists four grounds. First, she contends that her attorney Murphy did not defend her and during the change of plea hearing "told me to say yes to being satisfied with current Lawyer appointed when I was not." Doc. 1 at 4. Second, Klein claims procedural errors, alleging that a warrant was for her husband John Klein, that she was subject to excessive force and was not read her rights until after questioning, and that "my lawyer said he was going to retalk with the pros. Attorney... nothing happened." Doc. 1 at 5–6. Third, Klein complains of not having "a stand alone" case separate from her husband John Klein and being charged as his wife. Doc. 1 at 6. Finally, Klein claims misrepresentation and malpractice generally, asserting that "material facts didn't exist or relate or reasonable reliance the proximate cause didn't relate to me" and that her attorney Murphy took no action. Doc. 1 at 8–9. Klein's criminal case filings, change of plea hearing and sentencing hearing are devoid of any indication that Klein was dissatisfied with the work of attorney Murphy.

Klein was charged separately, as a lone defendant in her criminal case, CR Doc. 1, and raised no issues to this Court or on appeal about any issues with any warrant, excessive force, or

---

[2] This opinion and order cites as "CR Doc." those materials from United States v. Huemoeller, 3:21-CR-30086, which was Klein's criminal case.

2

lack of Miranda warning. Klein has procedurally defaulted on these claims which could and should have been raised in the underlying criminal case. See Murray v. Carrier, 477 U.S. 478, 490–92 (1986); Wainwright v. Sykes, 433 U.S. 72, 85–86 (1977). "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995); see also McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (stating that a defendant must demonstrate cause to assert a defaulted claim in a § 2255 proceeding). A § 2255 petitioner asserting a procedurally defaulted claim not raised on direct appeal must show either actual innocence (and Klein makes no such claim) or that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. Bousley v. United States, 523 U.S. 614, 621–22 (1998). Klein has not made a showing of cause and prejudice to support consideration of the procedurally defaulted grounds in her petition. This Court nonetheless will consider those grounds to the extent that they are part of Klein's claims of ineffective assistance of counsel.

On July 18, 2023, this Court screened Klein's § 2255 motion and ordered the United States to file an answer, motion, or other response. Doc. 4. The United States filed a motion to extend the time to answer and requested that the Court order Klein's counsel to respond to allegations of ineffective assistance. Doc. 5. This Court granted the motion, Doc. 7, and after Klein waived her attorney-client privilege, Doc. 10, Murphy filed an affidavit contesting the claim of ineffective assistance on August 14, 2023. Doc. 12.

Murphy's affidavit reveals that he met with Klein on eleven separate occasions, including sitting with her while she read all the discovery and listened to recordings, and answered any questions she posed. Doc. 12 at 1. As the Presentence Investigation Report and Amended Presentence Investigation Report made clear, Klein faced incontrovertible evidence of her

3

involvement in a conspiracy to distribute methamphetamine where she foresaw over 500 grams being involved, and Klein's Factual Basis Statement acknowledged that. CR Doc. 35. Klein did not relate a consistent version of events to law enforcement or to her own attorney. Doc. 12 at 1–2. Murphy's affidavit makes clear that he did not tell Klein what to say during the change of plea hearing—let alone tell her to answer "yes" when asked if she was satisfied with his representation of her. Doc. 12 at 2. Indeed, the transcript of the change of plea hearing reflects no break or conference between Murphy and Klein during the time Klein responded that she had enough time to talk with Murphy and was satisfied with his assistance. CR Doc. 65 at 4–5. Murphy's affidavit recounts that Klein and her boyfriend (who thereafter became her husband) had just returned from a drug run to Colorado and were being tailed due to police suspicion of their activities, when police arrived at her door with an arrest warrant for Klein's then-boyfriend. Doc 12 at 4–5. Klein answered the door and acknowledged that he was within the home. Doc. 12 at 5. When he didn't respond to calls to come out, police entered to find him trying to flush a pound of methamphetamine down the toilet. Doc. 12 at 5. Separately, another pound of methamphetamine was found within the home. Id. Klein had spoken voluntarily to the police at the scene and received the Miranda rights advisement after being taken into custody. Id. Klein agreed to go to the Federal Bureau of Investigation office where she received the Miranda warnings and proceeded to make incriminating admissions. Id. Attorney Murphy was unaware of any assertion by Klein at any time of excessive force. Doc. 12 at 5–6. As is apparent from the record, Klein's case was never joined with that of her boyfriend/husband; she was indicted separately. Doc. 12 at 6; see CR Doc. 1. Information from the Presentence Investigation Report and Amended Presentence Investigation Report corroborates Murphy's affidavit. See CR Docs. 57, 60.

Klein had an advisory guidelines range of 151 to 188 months, but Murphy negotiated a plea agreement that included a joint recommendation of 120 months as the custodial sentence. CR Doc. 34 at 4–5; see CR Docs. 57, 60. This Court imposed a below-guideline 120-month custodial sentence. Doc. 62.

Following the filing of Murphy's affidavit, the United States responded and filed a motion to dismiss and memorandum in support on September 5, 2023. Docs. 15, 16, 17. On October 17, 2023, this Court entered an Order Setting Deadline for Response, giving Klein until November 7, 2023, to respond and directing the Clerk of Court to send the motion papers to her. Doc. 18. Klein has yet to respond.

**II. Discussion**

Klein seeks relief pursuant to 28 U.S.C. § 2255. Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

When considering a § 2255 motion, the court holds an evidentiary hearing "unless 'the motion and the files and the records of the case conclusively show that [the prisoner] is entitled to no relief.'" Holder v. United States, 721 F.3d 979, 993 (8th Cir. 2013) (citation omitted). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (cleaned up and citation omitted). The Eighth Circuit has stated:

> A § 2255 motion may be dismissed without hearing if (1) movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.

Winters v. United States, 716 F.3d 1098, 1103 (8th Cir. 2013) (cleaned up and citation omitted). Because the record conclusively demonstrates that Klein is not entitled to relief, an evidentiary hearing is not necessary in this case. This Court can dismiss this case on the merits upon analysis of the substance of Klein's § 2255 motion alleging ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; see also Gideon v. Wainwright, 372 U.S. 335, 339 (1963); Johnson v. Zerbst, 304 U.S. 458, 459 (1938); Powell v. Alabama, 287 U.S. 45, 63 (1932). To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet this two-pronged standard, the petitioner must show that "(1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Ledezma–Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005).

The first part of the Strickland test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). The petitioner must "overcom[e] the strong presumption that defense counsel's representation fell 'within the wide range of reasonable professional assistance.'" Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 689). Courts are not to "second-guess" trial strategy. Williams, 452 F.3d at 1013. "The Sixth Amendment right to counsel functions to ensure that defendants receive a fair trial, not a perfect one." Willis v. United States, 87 F.3d 1004, 1008 (8th Cir. 1996).

"The second part of the Strickland test requires that the movant show that he was prejudiced by counsel's error[.]" Williams, 452 F.3d at 1013 (citation omitted). This means proving that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Ford v. United States, 917 F.3d 1015, 1021 (8th Cir. 2019) (citation omitted).

"Because the defendant must satisfy both prongs of the Strickland test to succeed on an ineffective-assistance claim, a court may decide such a claim by addressing either prong." Id. Klein's ineffective assistance of counsel claim does not satisfy either.

Klein cannot satisfy the first part of the Strickland test. There is no evidence that Murphy made such serious errors that he was not functioning as Klein's counsel. Indeed, Klein's generalized assertions of misrepresentation and legal malpractice are debunked by Murphy's affidavit and the record itself. Klein should be grateful that Murphy managed to negotiate a plea agreement sentence that contained a joint recommendation that was 31 months below the bottom end of her guideline range.

Even if Klein somehow could satisfy the first prong of Strickland, she could not show prejudice from counsel's error under the second prong. To prevail on a claim of ineffective assistance of counsel after a guilty plea, Klein must show "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial. United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, "a petitioner must convince the court that a decision to reject the plea

7

bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Klein has made no such showing. As the Eighth Circuit has noted, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he [or she] would have pleaded but for his [or her] attorney's deficiencies." Meza-Lopez v. United States, 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting Lee v. United States, 137 S. Ct. 1958, 1967 (2017)). Because neither prong of Strickland is met as a matter of law, Klein's § 2255 motion must be denied.

### III. Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Klein's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Doc. 1, is denied. It is further

ORDERED that the United States' Motion to Dismiss Klein's § 2255 Motion, Doc. 16, is granted.

DATED this 22nd day of January, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE